UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AJAMU OSBORNE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. *15-2144 UNA* |
| U.S. DISTRICT COURT, *et al.*, | : |
| Defendants. | : |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.

Plaintiff purports to bring this action under the Privacy Act, *see* 5 U.S.C. § 552a, against a federal judge, the United States District Court for the Southern District of West Virginia and its Clerk. He alleges that the defendants "made [an] adverse decision [based on] inaccurate, incomplete [and] irrelevant material," Compl. at 1, principally "a State/County warrant from 'Kanawha County[, West Virginia,]'" *id.* at 3, attributing to him a larger quantity of drugs than actually had been seized from him on May 29, 2012, *see generally id.*, Ex. 1 (Pl.'s Aff.) ¶¶ 6-10, "knowing full well that this would create added criminal liability [and a] lengthier prison sentence" with respect to his federal conviction, *id.* Ex. 1 (Pl.'s Aff.) ¶ 10.

The Court finds that the complaint fails to state a claim upon which relief can be granted. A federal court is not an "agency" for purposes of the Privacy Act, *see* 5 U.S.C. §§ 551(1)(B), 552(f)(1), and all of the named defendants are exempt from its application, *see also Wash. Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994). Insofar as plaintiff challenges his federal criminal conviction by means of the Privacy Act, this claim must be

dismissed. "The Privacy Act is not the proper means by which a prisoner collaterally may attack his conviction or sentence." *Wilson v. United States*, 86 F. Supp. 3d 14, 25 (D.D.C. 2015) (citations omitted).

An Order is issued separately.

DATE:

Feb. 3, 2016

_____
United States District Judge